The Honorable Bob Johnson Speaker of the House Arkansas House of Representatives State Capitol, Room 350 Little Rock, AR 72201
Dear Mr. Speaker:
This is in response to a request for an opinion by the late Representative Rita Hale on whether two acts passed in the recent 1999 legislative session are constitutional. Specifically, she asked, on behalf of Garland County Coroner Dr. William Mashburn, whether Acts 499 and 812 of 1999, which relate to the duties of county coroners, are constitutional in light of the fact that seventy-two of Arkansas' seventy-five county coroners are not medical doctors. I am providing my opinion on the question to you in the hope that you will disseminate the opinion to interested parties.
It is my opinion that both acts are constitutional.
The first act, Act 499, is entitled "An Act to Amend Arkansas Code 5-28-204 To Require That All Nursing Home Resident Deaths Be Reported to the County Coroner; and For Other Purposes." This act amends a portion of the statutory subchapter regarding the reporting of "adult abuse." See
A.C.A. §§ 5-28-201 to -215. The subchapter requires certain enumerated persons to report suspected adult abuse, neglect or exploitation to a "central registry" maintained by the Department of Human Services. A.C.A. § 5-28-203. These same persons, if they have reasonable cause to suspect that an adult has died as a result of abuse, sexual abuse, or negligence, must report that fact to the appropriate medical examiner or coroner.
Act 499 amends this last requirement to add a provision requiring a long-term care facility to report all cases of death to the appropriate coroner, "regardless of whether the facility believes the death to be from natural causes or the result of abuse, sexual abuse, or negligence, or any other cause." Acts 1999, No. 499, § 1(a). The new act also requires hospitals to report to the coroner the deaths of all patients who were residents of a long-term care facility within five days of entering the hospital. Again, the report is to be made "regardless of whether the facility believes the death to be from natural cause or the result of abuse, sexual abuse, negligence, or any other cause." Id.
If the coroner, upon investigation, finds reasonable cause to suspect that an adult has died as a result of abuse, sexual abuse, or negligence, he shall report his finding to the police and the appropriate prosecuting attorney. Acts 1999, No. 499, § 1(b). If the institution making the report is a hospital or nursing home, the coroner shall report his findings to the hospital or nursing home unless the findings are part of a pending or ongoing law enforcement investigation. Id.
The second act referenced is Act 812 of 1999. It amends a statute in the "County Government Code" (A.C.A. § 14-15-302), which deals with county coroners' investigations. Act 812 does not make any substantive changes to this statute, other than to add a provision immunizing from criminal or civil tort liability any person who provides information or material in the course of a coroner's investigation. Acts 1999, No. 812, § 1(d).
It is my opinion that both of these acts are constitutional. Some question as to the constitutionality of these acts has apparently arisen in light of the fact that county coroners are not "medical doctors." I assume that the constitutional argument in this regard would involve an alleged violation of due process in that an officer who is not required to be a physician (a county coroner) is given the statutory authority to determine the manner or cause of death of an individual and to report it to law enforcement authorities. In my opinion a constitutional objection of this nature will not be successful.
Determining the cause and manner of death is the principle historical duty of a coroner. See, e.g., 18 C.J.S. Coroners § 10. The powers and duties of county coroners are set out in the Arkansas Code at A.C.A. §§14-15-301 and -302, the pertinent portions of which read as follows:
Powers and duties of a coroner.
 When a death is reported to the coroner, he shall conduct an investigation concerning the circumstances surrounding the death of an individual and gather and review background information, including, but not limited to, medical information and any other information which may be helpful in determining the cause and manner of death.
 (a) A coroner's investigation does not include criminal investigation responsibilities. However, the coroner shall assist any law enforcement agency or the State Crime Laboratory upon request.
 (b)(1) Coroners shall be given access to all death scenes in order to perform the duties set forth in this subchapter.
 (2) A coroner is authorized to issue subpoenas as necessary to secure pertinent medical or other records and testimony relevant to the determination of the cause and manner of death.
A.C.A. §§ 14-15-301 and -302 (emphasis added).
I find no constitutional objection to either Act 499 or Act 812 in this regard. In my opinion no violation of due process is stated due to the fact that the coroner is authorized to determine the cause and manner of death, and in this instance whether it occurred from some type of abuse or neglect. The coroner is required to report his findings to the appropriate law enforcement authorities who will presumably conduct their own investigation of the facts leading to the death.
I have found no precedent from any jurisdiction holding the exercise of such duties by a non-physician coroner unconstitutional. In an analogous context, the testimony of coroners as the cause of death has been ruled admissible as evidence in court. See, e.g., Anderson v. State,40 Ala. App. 509, 120 So.2d 397 (1960), reversed on other grounds,366 U.S. 208 (1961), and St. John v. State,358 So.2d 812 (Ala. 1978). I cannot state, therefore, particularly in light of the presumption of constitutionality afforded all legislative acts, that Acts 499 and 812 are unconstitutional.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP: ECW/cyh